# IN THE COURT OF APPEALS OF IOWA

No. 14-1802
Filed December 9, 2015

**STATE OF IOWA,**
        Plaintiff-Appellant,

**vs.**

**FAWN VICTORIA JOHNSON,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Rebecca Goodgame

Ebinger, Judge.


        The State seeks reversal on interlocutory appeal of the district court's

denial of the State's motion to amend the trial information. **AFFIRMED.**


        Thomas J. Miller, Attorney General, Kevin Cmelik and Mary A. Triick,

Assistant Attorneys General, for appellant.

        Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant

Appellate Defender, for appellee.


        Heard by Danilson, C.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

The Iowa Supreme Court granted the State's application for discretionary review and request for a stay to permit the State to seek a reversal of the district court's denial of its motion to amend the trial information. The State contends the district court erred in denying its motion to amend the trial information and the district court's interpretation of Iowa Code section 124.201(4) (2013) should be avoided in favor of a reasonable alternative interpretation. The State also raises various policy and constitutional arguments against the district court's statutory interpretation. Upon our review, we affirm.

I.      **Background Facts and Proceedings**

The State alleges that on multiple occasions in October 2013, the defendant, Fawn Johnson, a store clerk, sold pouches containing a synthetic cannabinoid, XLR11, to a confidential informant. The State also alleges that between October 2013 and February 2014, Johnson conspired with others to distribute XLR11.

On April 14, 2014, the State filed a trial information charging Johnson with two counts of delivery of a controlled substance and one count of conspiracy to deliver the same controlled substance, all of which constitute aggravated misdemeanors, under Iowa Code section 124.401(1)(d).[1] On May 19, 2014, the State filed a motion to amend the trial information. The proposed amended trial

---

[1] Prior to the Iowa Board of Pharmacy's temporary designation of XLR11 as a schedule I controlled substance, it was classified under Iowa Code section 124.204(4)(*ai*). Section 124.401(1)(d) provides, "[v]iolation of this subsection, with respect to any other controlled substances, counterfeit substances, or simulated controlled substances classified in section 124.204, subsection 4, paragraph '*ai*' . . . is an aggravated misdemeanor."

information changed the code section under which Johnson was charged from subsection 124.401(1)(d) to subsection 124.401(1)(c)(8),[2] effectively changing each alleged offense to a class "C" felony. The State argued that at the time of Johnson's alleged offenses, XLR11 had been reclassified by the Iowa Board of Pharmacy (the board), pursuant to section 124.201(4), as a substance subject to criminal penalties under section 124.401(1)(c)(8). The district court held a hearing on the State's motion, and subsequently denied the motion. The State sought reconsideration of the district court's ruling, which was denied. The State sought interlocutory appellate review with an amended application for discretionary review/stay, which our supreme court granted.

## II.     Analysis

Iowa Code section 124.201(4) sets forth the duty the board has to recommend changes in controlled substance schedules to the general assembly following a new substance's designation as a controlled substance under federal law.[3] The board is required to either "similarly designate as controlled the new substance" or "object[] to the new designation . . . [and] publish the reasons for objection and afford all interested parties an opportunity to be heard. Iowa Code § 124.201(4). Any designation of the substance as controlled by the board is temporary and will expire sixty days after the general assembly next convenes

---

[2] Section 124.401(1)(c)(8) provides, "[a]ny other controlled substance, counterfeit substance, or simulated controlled substance classified in schedule I, II, or III, except as provided in paragraph 'd'."

[3] The board's duty pertains to recommendations regarding "any deletions from, or revisions in the schedules of substances, enumerated in section 124.204, 124.206, 124.208, 124.210, or 124.212." Iowa Code § 124.201(1). However, section 124.201 makes no reference to section 124.401, which provides for criminal penalties when a person manufactures, delivers, or possesses a controlled substance.

for a regular session if the legislature fails to make corresponding changes to chapter 124 (Controlled Substances). *Id.* If the self-imposed sixty-day deadline expires before the general assembly acts, "the temporary designation of control of the substance by the board shall be nullified." *Id.*

On July 9, 2013, the board designated XLR11 a schedule I controlled substance, recommending a new subsection be added to Iowa Code section 124.204 that would include XLR11 in the list of substances punishable under section 124.401(1)(c)(8). *See* Iowa Admin. Code r. 657-10.38(1)(b). Following this designation, the legislature was required to make corresponding changes within sixty days of January 13, 2014, when the general assembly next convened, if it chose to make the temporary designation permanent. The Iowa Senate passed a bill that included the corresponding changes on February 24, 2014. The bill passed through the Iowa House on March 18, 2014, sixty-four days after the general assembly convened. On April 3, 2014, twenty days past the deadline, the governor signed the bill into law.

The district court ruled that because the legislation was not approved by the general assembly and signed by the governor within sixty days of when it convened, the temporary designation was nullified by operation of section 124.201(4). The State argues the district court erred in denying its motion to amend the trial information and the district court's interpretation of section 124.201 should be avoided in favor of a reasonable alternative interpretation. It claims the nullification language in section 124.201(4) should apply only prospectively and not retroactively.

We review questions of statutory interpretation for correction of errors of law. *State v. Romer*, 832 N.W.2d 169, 174 (Iowa 2013). "Rules of statutory construction are to be applied only when the explicit terms of a statute are ambiguous." *Carolan v. Hill*, 553 N.W.2d 882, 887 (Iowa 1996). A statute is unambiguous unless "reasonable minds could differ or be uncertain as to the meaning of the statute." *Id.* "Absent a statutory definition or an established meaning in the law, words in the statute are given their ordinary and common meaning by considering the context within which they are used." *Auen v. Alcoholic Beverages Div., Iowa Dep't of Commerce*, 679 N.W.2d 586, 590 (Iowa 2004).

The word "nullified" is not defined in chapter 124. When the legislature has not defined words used in a statute, we must determine as best we can the meaning of the language in accordance with the legislative intent so as to prevent absurdities and incongruities that may prevent justice. *State v. Steenhoek*, 182 N.W.2d 377, 379 (Iowa 1970). In doing so, we may refer to prior decisions of this court and others, similar statutes, dictionary definitions, and common usage to aid our interpretation. *State v. Soboroff*, 798 N.W.2d 1, 6 (Iowa 2011).

"Nullify" is defined as "[t]o make void; to render invalid." *Black's Law Dictionary* (10th ed. 2014). It is further defined as "to make of no value or consequence" or "to cause (something) to lose its value or to have no effect." *Nullify*, *Webster's Third New International Dictionary* 1549 (unabr. ed. 2002). Prior decisions, while scarce, indicate use of the word "nullified" implies

retroactive voidance where the legislature fails to adopt a recommendation and enact corresponding changes. *See Fleur de Lis Motor Inns, Inc. v Bair*, 301 N.W.2d 685, 686 (Iowa 1981) (finding that statutory amendments apply only prospectively from their effective date); *see also Benton County v. Wubbena*, 300 N.W.2d 168, 170 ("Statutes operate prospectively only unless legislative intent that they be given retrospective operation clearly appears from the express language of the act or by necessary implication.").

The district court found that by "us[ing] the word 'nullified' in section 124.201(4), the legislature intended to render the temporary rule 'of no value or consequence' without corresponding legislative enactment within sixty days." The State argues the district court should have adopted the definition of "nullify" as "to cause something to lose its value" or to negate its future effects. It claims the board's temporary designation had legal effect at the time Johnson allegedly committed the offenses in question and remained the law until the sixty-day deadline expired, at which time it "lost its value" due to the legislature's inaction.

The plain language of the statute is unambiguous. When the legislature fails to act and make changes corresponding to the board's recommendation within sixty days of its convening the next session, then the temporary designation is nullified—of no value or consequence.

The State asserts various additional arguments against the district court's interpretation. Its arguments raise policy and constitutional concerns, including protecting public safety, ensuring deterrence, producing absurd results, savings clause issues, and ex post facto implications, as they might relate to other or

future prosecutions.[4]    Assuming without deciding that any of the State's arguments have merit, we need not and will not reach them because the facts of this case do not present these issues, and the plain language of the statute dictates the result the legislature required.

For the foregoing reasons, we agree with the district court's interpretation of Iowa Code section 124.201(4) and affirm its denial of the State's motion to amend the trial information.

**AFFIRMED.**

---

[4] Neither party has briefed the issue of whether section 124.201 is an improper delegation of legislative authority to an administrative agency. *See Goodlove v. Logan*, 251 N.W. 39, 43 (Iowa 1933). Because this issue was not raised in the district court or briefed by the parties on appeal, we will not address it in this opinion and will confine our holdings/review to the issues properly preserved and raised on appeal. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be raised and decided by the district court before we will decide them on appeal."); *see Aluminum Co. of Am. v. Musal*, 622 N.W.2d 476, 479–80 (Iowa 2001) ("Issues not raised in the appellate briefs cannot be considered by the reviewing court.") (citing *Hubby v. State*, 331 N.W.2d 690, 694 (Iowa 1983) ("[I]ssues are deemed waived or abandoned when they are not stated on appeal by brief.")).